

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 1:16 CV 484 |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | JUDGE GAUGHAN |
| ) | |
| $14,890.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | COMPLAINT IN FORFEITURE |

MAG. JUDGE McHARGH

NOW COMES plaintiff, the United States of America, by Carole S. Rendon, Acting United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this in rem proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3. The defendant $14,890.00 in U.S. Currency (hereinafter "defendant currency") was seized by the Cleveland Police Division (hereinafter "CPD") on August 24, 2015, and,

pursuant to a seizure warrant, by federal authorities on October 8, 2015. The defendant currency is now in the possession of the federal government.

4. Subsequent to the seizure, the Federal Bureau of Investigation (hereinafter "FBI") commenced administrative forfeiture proceedings against the defendant currency. A claim to the defendant currency was submitted in the administrative forfeiture proceeding by Andre Jenkins (hereinafter "Jenkins"), necessitating the filing of this judicial forfeiture action.

5. The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a).

## FORFEITURE COUNT

6. On August 24, 2015, CPD officers in two police vehicles were patrolling the area of E. 142nd Street and Harvard Avenue in connection with numerous complaints of gang and drug activity.

7. At approximately 11:25 p.m., CPD officers observed a 1999 Pontiac Trans Am (hereinafter "Pontiac") stopped in the curb lane of Harvard Avenue, in front of the Harvard Wine and Grill, blocking the flow of traffic.

8. The officer driving the first police vehicle honked his horn in an attempt to get the Pontiac to move. When the Pontiac remained stationary, the CPD officers then activated the vehicle's lights and sirens and performed a traffic stop of the vehicle. CPD officers in the second police vehicle pulled directly behind the first police vehicle to assist with the traffic stop.

9. Upon approaching the driver of the vehicle, officers from the first police vehicle observed the driver, Jenkins, reaching toward the center console, then toward the rear seat.

10. Jenkins was advised of the reason for the stop. He stated he had no weapons or contraband on his person or in the Pontiac.

11. Jenkins was asked if he was on parole or probation. He responded "no," then hesitantly stated, "yes". When asked why he was on probation, Jenkins responded that it was for a "minor offense."

12. Jenkins was asked to exit the vehicle and was frisked for officer safety. A CPD officer observed that Jenkins had several rubber bands around his right wrist. Through training and experience, the CPD officer was aware that people who carry large amounts of currency use rubber bands to keep stacks of currency divided and to allow for easy counting and storage of the currency.

13. CPD officers from the second police vehicle approached the passenger, later identified as Curtis Shell. Due to the small size of the passenger compartment, and having knowledge that Jenkins was reaching around the passenger compartment during the stop, Shell was also asked to step out of the vehicle for officer safety.

14. A CPD officer began checking the area where Jenkins had been reaching. While looking in the rear seat where Jenkins had his right hand upon the officers' approach of the vehicle, the officer observed a children's sized shoe box laying on the backseat in plain view. The officer shined his flashlight on the box and could see through the manufactured hole in the box, a stack of U.S. Currency and a knotted blue plastic grocery bag which appeared to contain a brick-like object similar to the appearance of a possible kilogram of illegal drugs. Once the officer picked up the bag, he realized it had the characteristics and feel of a large stack of money.

15. Jenkins was asked if he had ever been to prison. He responded that he was in prison for ten years for money laundering.

16. Jenkins was asked if he had any currency. He responded, "No."

17. After being advised that currency had been found in the Pontiac, Jenkins stated he had sold a car earlier that day, but could not produce a receipt for the sale. He then said he did not sell a vehicle.

18. When asked about his employment, Jenkins said he worked for a car lot, but could not provide any additional information regarding his employment.

19. The defendant currency found in the rear seat area of the Pontiac was counted and taken into custody by the CPD.

20. Jenkins was issued citations for impeding the flow of traffic and failure to wear a seat belt. Shell was issued a citation for failure to wear a seat belt.

21. The Pontiac driven by Jenkins is registered to Darrell Pinson, who has an extensive drug history dating back to 1989. On December 7, 2006, Pinson was convicted of distribution of cocaine base (crack) and distribution of cocaine, in the United States District Court for the Northern District of Ohio, case no. 1:06CR289. In his plea agreement, Pinson agreed to the administrative forfeiture of $28,804 in U.S. Currency which had been seized as part of the investigation of that case.

22. On January 24, 2006, Jenkins was convicted of conspiracy to distribute and possession with intent to distribute between 50 and 150 kilograms of cocaine and money laundering, in the United States District Court for the Northern District of Ohio, case no. 1:05CR126, and was sentenced to 170 months imprisonment. As part of the conviction, Jenkins

forfeited $67,865.00 in U.S. Currency, a Rolex watch, and two vehicles. Jenkins is currently on supervised release to District Judge James S. Gwin.

23. By reason of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

                                                Respectfully submitted,

                                                CAROLE S. RENDON
                                                Acting United States Attorney

By:                                 
                                                Phillip J. Tripi
                                                Reg. No. 0017767
                                                United States Court House
                                                801 West Superior Avenue, Suite 400
                                                Cleveland, OH 44113
                                                Phone: (216) 622-3769
                                                Fax:   (216)522-7499
                                                Phillip.Tripi@usdoj.gov

## VERIFICATION

STATE OF OHIO        )
                     ) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this 29th day of February, 2016.

Notary Public

**MELANIE KATE SANDS**
Notary Public, State of Ohio
My Commission Expires May 6, 2020

6